IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD K. WALTERS,

    Petitioner,                          No. CIV S-08-2530 FCD EFB P

    vs.

ARNOLD SCHWARZENEGGER, et. al,

                                  FINDINGS AND RECOMMENDATIONS

    Respondents.

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the September 29, 2008 petition. Respondents move to dismiss this action on the grounds that it is time-barred and petitioner failed to exhaust state remedies. Petitioner opposes the motion, asserting that he is mentally incompetent. For the reasons explained below, the court finds that respondents' motion to dismiss must be granted.

**I.    Procedural History**

    Petitioner was convicted of two counts of forcible rape in concert and two counts of forcible oral copulation in concert. The jury found that defendant kidnaped the victim for purposes of committing the offense and intentionally inflicted great bodily injury. Petitioner admitted three prior offenses. According to the California Court of Appeal, Third Appellate District, petitioner "was sentenced as a habitual offender to four consecutive state prison terms

1

of life without possibility of parole for 20 years." Resps.' Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 2; *see also* Lodg. Doc. 1.

On September 17, 1992, the state court of appeals affirmed the judgment. Lodg. Doc. 2. Petitioner filed a petition for review in the California Supreme Court, which was denied on December 16, 1992. Lodg. Docs. 3, 4.

The instant petition was filed on September 3, 2008.[1] Dckt. No. 1.

## II.     Exhaustion of State Remedies

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. *See Houston v. Lack*, 487 U.S. 266 (1988). The Court uses the signature date the on petition as the relevant filing date, since the signature date is the earliest date on which petitioner could have turned his petition over to the prison authorities for mailing.

statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

The court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A court may not, however, stay a completely unexhausted petition. *Jiminez v. Rice*, 276 F.3d 476, 481 (9th Cir. 2001) (court must dismiss petition containing no exhausted claims).

The instant petition raises the following three grounds: 1) "Ineffective counsel and lack of diligence leading to a farce and sham trial," 2) "Unfair trial due to defective counsel," and 3) "Deficient performance and misrepresentation." Pet. at 6. Petitioner admits that none of these claims were presented to any other court.[2] *Id.* His opposition to the motion does not attempt to explain why his claims should not be dismissed as unexhausted. Moreover, the record shows that the instant petition is entirely unexhausted. As the petition is not mixed, the court does not have discretion to stay it and it must be dismissed.

Respondents also argue that the instant petition is time barred. Petitioner claims that the petition is not time barred because he only recently discovered the factual grounds for bringing the petition. As the court finds that the petition is unexhausted and therefore must be dismissed, it need not address these arguments.

////

////

////

////

---

[2] The petition for review that petitioner filed in the California Supreme Court raised one claim: "Does the imposition of consecutive life terms, pursuant to Penal Code section 667.7, violate the proscription against multiple punishment, where the offenses occurred during a single course of conduct and there was a single infliction of great bodily injury?" Lodg. Doc. 3.

### III. Conclusion

The claims in the instant petition are completely unexhausted. Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss this action as unexhausted be granted; and

2. The Clerk be directed to enter final judgment in this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). If petitioner files objections to the findings and recommendations, he may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Dated: August 11, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE